UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE  DIVISION

Case No. _____

AMPARO MACIAS, ISAURA CURBELO,
JORGE L. CALVET, and DORA C. REYES,

      Plaintiffs,

v.

PEYTON BOLIN, PL,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

      Defendant, PEYTON BOLIN, PL by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Local Rule 3.1, hereby removes this action, which is styled *Amparo Macias; Isaura Curbelo; Jorge L. Calvet; and Dora C. Reyes v. Peyton Bolin, PL*, and designated Case No.: Case No.: COSO19-000026 Division: 62, from the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in which the action is now pending, to the United States District Court for the  District of Florida,  Ft. Lauderdale Division. In support of this removal, Defendant states:

1. A defendant who wants to remove a case from state court to federal court must file a notice of removal containing a short and plain statement of the grounds for removal. 28 U.S.C.S. § 1446(a). *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 962 (11th Cir. 2011)

2. This case is properly removable due to the existence of Federal question jurisdiction triggered by claims brought by the Plaintiffs pursuant to  15 U.S.C. § 1692.

3. Venue is properly in the Ft. Lauderdale Division of the Southern District of Florida. This case was filed in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on December 26, 2018. Therefore, pursuant to Local Rule 3.1, the Southern District's Ft. Lauderdale Division is the proper Court for removal of this case.

4. This Notice of Removal is being timely filed within thirty (30) days from February 22, 2019, the date upon which the Summons was served upon Defendant's Florida Registered Agent. A copy of the Summons, Complaint and County Court Docket are attached collectively hereto as Exhibit "A." Defendant has filed no responsive pleadings in the State Court action.

5. Defendant provided written notice to Plaintiffs' counsel and will promptly file with the Clerk of the County Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, a Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C. § 1446(d).

6. It is well established that, "District courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *28 U.S.C.S. § 1331*; *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 962 (11th Cir. 2011). A claim arises under federal law when the face of the plaintiff's complaint presents a federal question. *Id.*

7. The District Courts of the United States has original jurisdiction of this civil action as provided in 28 U.S.C. § 1331. Under that section, this Court has jurisdiction based upon Federal Question, as the instant lawsuit was filed pursuant to alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq. *See. Compl. at ¶* 1.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Moreover, there are no causes of actions pled within the Complaint separate or apart from any claims being made pursuant to Federal law.

8. The undersigned counsel represents and is authorized to represent that the Defendant consents to the removal of this action.

9. Accompanying this Notice of Removal is a Civil Cover Sheet as well as the required filing fee.

WHEREFORE, for the above-stated reasons, Defendant respectfully request that this Honorable Court assume federal jurisdiction of this cause and approve this Notice of Removal.

Respectfully submitted, this 7th day of March, 2019.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant PEYTON BOLIN, PL*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: andrew.simon@csklegal.com

By:   s/ Andrew G. Simon
      JOHN CODY GERMAN
      Florida Bar No.:  58654
      ANDREW G. SIMON
      Florida Bar No.:  1002623

0451.0349-00/13263683

Filing # 82566786 E-Filed 12/26/2018 04:20:49 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

**I.    CASE STYLE**

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Plaintiffs: AMPARO MACIAS, ISAURA CURBELO,
JORGE L. CALVET, and DORA C. REYES

Case#: _____

vs.

Judge: _____

Defendant: PEYTON BOLIN, PL

**II.   TYPE OF CASE**

(If the case fits more than one type of case, select the most definitive category.)  If the most descriptive label is a subcategory (is indented under a broader category), place an "x" in both the main category and subcategory boxes.

| | |
|---|---|
| **X  Condominium** | ☐  Professional malpractice |
| ☐  Contracts and indebtedness |    ☐  Malpractice – business |
| ☐  Eminent domain |    ☐  Malpractice – medical |
| ☐  Auto negligence |    ☐  Malpractice – other professional |
| ☐  Negligence – other | ☐  Other |
|    ☐  Business governance |    ☐  Antitrust/Trade Regulation |
|    ☐  Business torts |    ☐  Business Transaction |
|    ☐  Environmental/Toxic tort |    ☐  Constitutional challenge-statute or ordinance |
|    ☐  Third party indemnification |    ☐  Constitutional challenge-proposed amendment |
|    ☐  Construction defect |    ☐  Corporate Trusts |
|    ☐  Mass tort |    ☐  Discrimination-employment or other |
|    ☐  Negligent security |    ☐  Insurance claims |
|    ☐  Nursing home negligence |    ☐  Intellectual property |
|    ☐  Premises liability – commercial |    ☐  Libel/Slander |
|    ☐  Premises liability – residential |    ☐  Shareholder derivative action |
| ☐  Products liability |    ☐  Securities litigation |
| ☐  Real Property/Mortgage foreclosure |    ☐  Trade secrets |
|    ☐  Commercial foreclosure $0 - $50,000 |    ☐  Trust litigation |
|    ☐  Commercial foreclosure $50,001 - $249,999 | |
|    ☐  Commercial foreclosure $250,000 or more | |
|    ☐  Homestead residential foreclosure $0 – $50,000 | |
|    ☐  Homestead residential foreclosure $50,001 - $249,999 | |
|    ☐  Homestead residential foreclosure $250,000 or more | |
|    ☐  Non-homestead residential foreclosure $0 - $50,000 | |
|    ☐  Non-homestead residential foreclosure $50,001 - $249,999 | |
|    ☐  Non-homestead residential foreclosure $250,00 or more | |
|    ☐  Other real property actions $0 - $50,000 | |
|    ☐  Other real property actions $50,001 - $249,999 | |
|    ☐  Other real property actions $250,000 or more | |



**EXHIBIT**

**A**

III. **REMEDIES SOUGHT** (check all that apply):
    **X**      **Monetary;**
    ☐   Non-monetary declaratory or injunctive relief;
    ☐   Punitive

IV. **NUMBER OF CAUSES OF ACTION: ( 1 )**
    (Specify) VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐   Yes
    **X**    **No**

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    **X**    **No**
    ☐   Yes – If "yes" list all related cases by name, case number and court:
    _____

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    **X**    **Yes**
    ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature:/s/ Michael T. Ross, Esq.          Fla. Bar # 91623
       Attorney or Party            (if attorney)

Michael T. Ross, Esq.          Date:12/26/2018
      Type or print name

Filing # 82566786 E-Filed 12/26/2018 04:20:49 PM

IN THE COUNTY COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: _____

AMPARO MACIAS, ISAURA CURBELO,
JORGE L. CALVET, and DORA C. REYES,

    Plaintiffs,

v.

PEYTON BOLIN, PL,

    Defendant.

_____/

## COMPLAINT

Plaintiffs, AMPARO MACIAS, ISAURA CURBELO, JORGE L. CALVET, and DORA C. REYES, file their complaint against PEYTON BOLIN, PL, and state as follows:

## INTRODUCTION

Debt collectors such as Peyton Bolin, PL invent convenient methods to try and circumvent the protections afforded by the Fair Debt Collection Practices Act. Here, Peyton Bolin's directed the original creditor, the community association client, to send a collection letter to the consumer, the owner of the subject property. The collection letter identifies the association as the "debt collector," fails to identify Peyton Bolin as a "debt collector," but advises the consumer to contact Peyton Bolin with "any questions" regarding this debt or for a payoff. Peyton Bolin's interesting attempt to circumvent the FDCPA actually violates the FDCPA.

1

## JURISDICTION & VENUE

1.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq.

2.      Jurisdiction in this case is based upon 15 U.S.C. § 1692k which grants to this Court jurisdiction to hear this action.

3.      This Court has personal jurisdiction over this lawsuit pursuant to § 48.193, Fla. Stat., because PEYTON BOLIN operated, conducted, or engaged in business in Florida.

4.      Pursuant to § 47.051, Fla. Stat. venue is proper in this Court because: (a) the causes of action alleged herein accrued in Broward County; and, (b) the subject property is located in Broward County, Florida.

## PARTIES

5.      All plaintiffs own a condominium unit in Applegreen condominium.

6.      All plaintiffs received a collection letter from Applegreen, on behalf of PEYTON BOLIN, seeking to collect a debt pertaining to unpaid delinquent assessments related to their condominium units at Applegreen condominium.

7.      MACIAS' condominium unit is used primarily for personal, family, or household purposes, to wit, it is her personal residence.

8.      On December 27, 2017, a collection letter titled "DELINQUENT ASSESSMENT" was mailed to MACIAS.

9.      A copy of that letter is attached as **Exhibit A**.

10.     MACIAS is a consumer as defined in 15 U.S.C. § 1692a(3).

11.     CURBELO and CALVET's condominium unit is used primarily for personal, family, or household purposes, to wit, it is their personal residence.

2

12.     On December 27, 2017, a collection letter titled "DELINQUENT ASSESSMENT" was mailed to CURBELO and CALVET.

13.     A copy of that letter is attached as **Exhibit B**.

14.     CURBELO and CALVET are consumers as defined in 15 U.S.C. § 1692a(3).

15.     REYES' condominium unit is used primarily for personal, family, or household purposes, to wit, it was her personal residence, but is now vacant.

16.     REYES has recently moved out of her unit and now resides with her children.

17.     REYES did not use the unit for rental or investment purposes and, at all times relevant, used the unit for residential purposes.

18.     On December 27, 2017, a collection letter titled "DELINQUENT ASSESSMENT" was mailed to REYES.

19.     A copy of that letter is attached as **Exhibit C**.

20.     REYES is a consumer as defined in 15 U.S.C. § 1692a(3).

21.     PEYTON BOLIN is a law firm with a principal place of business of 3343 W. Commercial Blvd., Suite 100, Fort Lauderdale, FL 33309.

22.     PEYTON BOLIN is actively involved in business in Broward County, Florida.

23.     PEYTON BOLIN was retained by Applegreen Condominium Apartments, Inc. to collect past due amounts allegedly owed to APPLEGREEN by the individually named plaintiffs.

24.     PEYTON BOLIN regularly represents community associations in the collection of past due amounts.

25.     PEYTON BOLIN actively advertises that its firm provides collection services to community associations.

26.     PEYTON BOLIN is a debt collector as defined in 15 U.S.C. § 1692a(6).

3

## COUNT I – VIOLATION OF FDCPA BY PEYTON BOLIN

27.     Plaintiffs re-allege and incorporate paragraphs 1 through 26 by reference herein.

28.     On or about December 2017, all plaintiffs received a collection letter from C.J. Chirenza, the property manager for APPLEGREEN.

29.     APPLEGREEN is the original creditor.

30.     All collection letters identified that the individually named plaintiffs "have not paid the regular and/or special assessment to Applegreen."

31.     All collection letters identified that Applegreen intends to "collect the unpaid amount within 30 days of this letter being provided" to plaintiffs.

32.     All collection letters used the term "you owe," identified a past due amount, identified that "costs of any action and interest from this day forward will also be charged to your account," and identified that APPLEGREEN "is attempting to collect a debt."

33.     All collection letters included the following paragraph:

> Any questions concerning this matter should be directed to the Resolution Department at PeytonBolin, PL, Real Estate & Association Attorneys, 3343 W. Commercial Blvd., Suite 100, Fort Lauderdale, FL 33309, (954) 316-1339. All checks must be made to "PEYTON BOLIN, PL Trust Account" and mailed to the address below."

34.     All collection letters also included the following paragraph:

> NOTICE: Pursuant to 15 U.S.C. § 1692g(a), this Association is attempting to collect a debt and any information obtained will be used for that purpose. The above referenced Association is the creditor to whom the debt is owed. Unless you, the debtor, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof, this law firm will assume the debt is valid.

35.     All collection letters failed to identify that PEYTON BOLIN is a debt collector.

4

36.     PEYTON BOLIN charged fees and costs associated with its time spent preparing these letters on behalf of APPLEGREEN.

37.     APPLEGREEN then charged these fees and costs to plaintiffs' accounts.

38.     PEYTON BOLIN is not entitled to collect fees or costs it incurred in preparing forms and/or collection letters for the purpose of circumventing the protections of the FDCPA.

39.     PEYTON BOLIN also is not entitled to collect fees or costs which are the direct result and/or stem from its FDCPA violations.

40.     Plaintiffs have been damaged because APPLEGREEN has charged these illegal fees and costs to their account.

41.     PEYTON BOLIN is reasonably believed to have used the same form collection letter with respect to other community association clients.

## SPECIFIC FDCPA VIOLATIONS

**A.     VIOLATION OF 15 U.S.C. 1692e(11).**

42.     Plaintiffs re-allege and incorporate paragraphs 1 through 41 by reference herein.

43.     15 U.S.C. § 1692e(11) provides that the following conduct constitutes a violation of the FDCPA:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

44.     15 U.S.C. § 1692a(2) defines a communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

5

45.     PEYTON BOLIN, by directing the original creditor to send a letter advising the consumer to contact PEYTON BOLIN regarding the debt, engaged in an indirect communication with a consumer regarding a debt.

46.     PEYTON BOLIN, by engaging in an indirect communication with the consumer with respect to the collection of a debt, triggered the obligation that it must disclose in that communication that the communication was from or on behalf of PEYTON BOLIN, a debt collector.

47.     PEYTON BOLIN's standard form collection letter contains no language identifying that PEYTON BOLIN is a debt collector but, instead, falsely advised the consumer that the community association, the original creditor, is a debt collector.

48.     PEYTON BOLIN violated 15 U.S.C. § 1692e(11) by failing to include the statutorily mandated language in its standard form collection letter to the plaintiffs.

**B.     VIOLATION OF 15 U.S.C. 1692g.**

49.     Plaintiffs re-allege and incorporate paragraphs 1 through 41 by reference herein.

50.     15 U.S.C. 1692g(a) states:

Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

6

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51.     PEYTON BOLIN, by directing the original creditor to send a letter advising the consumer to contact PEYTON BOLIN regarding the debt, engaged in an indirect communication with a consumer regarding a debt.

52.     PEYTON BOLIN was thus required to send within "five days after this initial communication with a consumer in connection with a debt," the information required by 15 U.S.C. 1692g.

53.     PEYTON BOLIN failed to send the notice required by 15 U.S.C. 1692g within five (5) days after the initial communication.

54.     PEYTON BOLIN violated 15 U.S.C. 1692g by failing to send the notice required by 15 U.S.C. 1692g within five (5) days after the initial communication to the plaintiffs.

**C.     VIOLATION OF 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692f(8)**

55.     Plaintiffs re-allege and incorporate paragraphs 1 through 41 by reference herein.

56.     15 U.S.C. § 1692e(14) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

57.   15 U.S.C. § 1692f(8) states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

58.   PEYTON BOLIN, by directing the original creditor to send a letter advising the consumer to contact PEYTON BOLIN regarding the debt, engaged in an indirect communication with a consumer regarding a debt.

59.   PEYTON BOLIN's standard form collection letter contains no language identifying that PEYTON BOLIN is a debt collector but, instead, falsely advised the consumer that the community association, the original creditor, is a debt collector.

60.   An original creditor who seeks to collect its own debts using its own name, by definition, is not a debt collector under the FDCPA.

61.   PEYTON BOLIN's standard form collection letter thus falsely identifies the original creditor as the debt collector.

62.   PEYTON BOLIN's standard form collection letter conceals, misrepresents, or fails to disclose PEYTON BOLIN's identity as a debt collector.

63.   The least sophisticated consumer would not know, based on the plain language of PEYTON BOLIN's standard form collection letter, that it must contact PEYTON BOLIN to dispute the debt or to exercise any of the consumer protections afforded by the FDCPA.

8

64. The least sophisticated consumer would not know, based on the plain language of PEYTON BOLIN's standard form collection letter, that sending any notice to the original creditor, who is not a debt collector under the FDCPA, would serve no recognizable purpose under the FDCPA.

65. The FDCPA contains numerous protections triggered only by sending notice to the actual debt collector, PEYTON BOLIN, including the right to request verification of the debt, the right to dispute the debt, and the right to demand that the debt collector not communicate with the consumer regarding the debt.

66. PEYTON BOLIN's failure to notify the consumer that it is a debt collector thus prevents the least sophisticated consumer from exercising many of that consumer's rights protected by the FDCPA.

67. PEYTON BOLIN is reasonably believed to have devised, implemented, or prepared the standard form collection letter at issue to circumvent the consumer protections afforded by the FDCPA.

68. PEYTON BOLIN is reasonably believed to have devised, implemented, or prepared the standard form collection letter at issue because it knew at the time that APPLEGREEN failed to maintain proper accounting records.

69. APPLEGREEN thus could not provide proper verification of the debt.

70. PEYTON BOLIN violated 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692f(8) by falsely representing that the original creditor was the debt collector, and by failing to identify itself as a debt collector, and, by doing so, sought to circumvent the consumer protections afforded to the plaintiffs.

9

**WHEREFORE,** Plaintiffs, AMPARO MACIAS, ISAURA CURBELO, JORGE L. CALVET, and DORA C. REYES respectfully requests that judgment be entered against the Defendant, PEYTON BOLIN, for the following:

A.     Statutory damages of up to $1,000 for each individually named plaintiff.

B.     Actual damages.

C.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

D.     For such other relief as may be just and proper.

**Dated:** December 26, 2018.

> s/ Michael T. Ross
> Michael T. Ross, Esq.
> FBN 91623
> Law Office of Michael T. Ross, P.A.
> 5555 Hollywood Blvd. #303
> Hollywood, Florida 33021
> Phone: 786-657-6844
> Fax: 786-353-0783
> E-mail: michael@flc-law.com

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

**Dated:** December 26, 2018.          Respectfully  submitted,

> /s/ Michael T. Ross
> Michael T. Ross, Esq.
> FBN 91623
> Law Office of Michael T. Ross, P.A.
> 5555 Hollywood Blvd., #303
> Hollywood, Florida 33021
> Phone: (786) 558-0281
> Fax: (786) 353-0783
> E-mail: michael@flc-law.com



### DELINQUENT ASSESSMENT

This letter is to inform you a Claim of Lien has been filed against your property because you have not paid the regular and/or special assessment to Applegreen Condominium Apartments, Inc.. The association intends to foreclose the lien and collect the unpaid amount within 30 days of this letter being provided to you.

You owe the interest accruing from May 01, 2016 to the present. As of the date of this letter, the total amount due with interest is $4,306.41. All costs of any action and interest from this day forward will also be charged to your account.

Any questions concerning this matter should be directed to the Resolution Department at PeytonBolin, PL, Real Estate & Association Attorneys, 3343 W. Commercial Blvd., Suite 100, Fort Lauderdale, FL 33309, (954) 316-1339. All checks must be made to *"PEYTON BOLIN, PL Trust Account"* and mailed to the address below.

### CERTIFICATE OF MAILING

The undersigned hereby certifies that on this _27_ day of _December,_ 2017, the foregoing notice was mailed to the owner(s) at the address(es) listed below by first-class United States mail, and by certified mail, return receipt requested, if within the United States.

C.J. Chiarenza, Property Manager
Applegreen Condominium Apartments, Inc.
2855 N. University Drive
Suite 310
Coral Springs, FL 33065

Amparo Macias
607 S State Road 7, #2G
Margate, FL 33068

NOTICE: Pursuant to 15 U.S.C. § 1692g(a), this Association is attempting to collect a debt and any information obtained will be used for that purpose. The above referenced Association is the creditor to whom the debt is owed. Unless you, the debtor, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof, this law firm will assume the debt is valid. If you notify this law firm in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, this law firm shall obtain written verification of the debt and mail the same to you.

EXHIBIT A

This Instrument Prepared By:
Record and Return To:

Name:          Applegreen Condominium Apartments, Inc.
Address:       613 S State Road 7
               Margate, FL 33068

## CLAIM OF LIEN

### KNOW ALL MEN BY THESE PRESENTS, THAT:

Applegreen Condominium Apartments, Inc., an Association in Broward County, Florida, whose principal place of business is 613 S State Road 7, FL 33068 claims this lien against the following property:

Unit No. 2-G, in Building No. 4, of APPLEGREEN CONDOMINIUM APARTMENTS 1, according to the Declaration of Condominium thereof, recorded in Official Records Book 5568, Page 755, of the Public Records of Broward County, Florida, and all amendments(s) thereto, if any.

Street address: 607 S State Road 7, #2G, Margate, FL 33068

The record owner of such property is: Amparo Macias

Assessments are due on the first day of each month. The amount due for outstanding assessments, interest, late charges, costs and attorney's fees incurred incident to the collection process between (May 1, 2016 and December 22, 2017) is $4,306.41

Pursuant to section 718.116, Florida Statutes, this Claim of Lien secures all unpaid assessments that are due and that may accrue after this Claim of Lien is recorded and through the entry of a final judgment, as well as interest, late charges, costs and attorney's fees incurred by the association incident to the collection process. For estoppel information or a payoff figure, please contact PeytonBolin, PL.

IN WITNESS WHEREOF, Applegreen Condominium Apartments, Inc., has caused this Claim of Lien to be executed by its duly authorized agent on this 27 day of December, 2017.

Applegreen Condominium Apartments, Inc.
613 S State Road 7
Margate, FL 33068
BY: _____
C.J. Chiarenza, Property Manager

STATE OF FLORIDA
COUNTY OF BROWARD
The foregoing CLAIM OF LIEN was acknowledged before me this 27 day of December, 2017 by C.J. Chiarenza, who is personally known to me or who has produced a driver's license as identification.

My Commission Expires:

_____
Notary Public, State of Florida

EUNICE G. UBERSTINE
MY COMMISSION # FF 945334
EXPIRES: February 23, 2020
Bonded Thru Notary Public Underwriters



**DELINQUENT ASSESSMENT**

This letter is to inform you a Claim of Lien has been filed against your property because you have not paid the regular and/or special assessment to Applegreen Condominium Apartments, Inc.. The association intends to foreclose the lien and collect the unpaid amount within 30 days of this letter being provided to you.

You owe the interest accruing from February 01, 2016 to the present. As of the date of this letter, the total amount due with interest is $6,970.57. All costs of any action and interest from this day forward will also be charged to your account.

Any questions concerning this matter should be directed to the Resolution Department at PeytonBolin, PL, Real Estate & Association Attorneys, 3343 W. Commercial Blvd., Suite 100, Fort Lauderdale, FL 33309, (954) 316-1339. All checks must be made to "PEYTON BOLIN, PL Trust Account" and mailed to the address below.

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on this 27 day of December, 2017, the foregoing notice was mailed to the owner(s) at the address(es) listed below by first-class United States mail, and by certified mail, return receipt requested, if within the United States.

C.J. Chiarenza, Property Manager
Applegreen Condominium Apartments, Inc.
2855 N. University Drive
Suite 310
Coral Springs, FL 33065

Isaura Curbelo
605 S State Road 7, #2D
Margate, FL 33068

Jorge L. Calvet
605 S State Road 7, #2D
Margate, FL 33068

NOTICE: Pursuant to 15 U.S.C. § 1692g(a), this Association is attempting to collect a debt and any information obtained will be used for that purpose. The above referenced Association is the creditor to whom the debt is owed. Unless you, the debtor, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof, this law firm will assume the debt is valid. If you notify this law firm in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, this law firm shall obtain written verification of the debt and mail the same to you.

EXHIBIT B

This Instrument Prepared By:
Record and Return To:

Name:          Applegreen Condominium Apartments, Inc.
Address:       2855 N. University Drive
               Suite 310
               Coral Springs, FL 33065

## CLAIM OF LIEN

### KNOW ALL MEN BY THESE PRESENTS: THAT:

Applegreen Condominium Apartments, Inc., an Association in Broward County, Florida, whose principal place of business is 2855 N. University Drive, Suite 310, Coral Springs, FL 33065 claims this lien against the following property:

> Unit 2D, Building 3, APPLEGREEN CONDOMINIUM APARTMENST 1, a Condominium according to the Declaration of Condominium recorded in Official Records Book 5568, Page 755, and amendments thereto of the Public Records of Broward County, Florida.

> Street address:  605 S State Road 7, #2D, Margate, FL 33068

> The record owner of such property is: Jorge L. Calvet and Isaura Curbelo

Assessments are due on the first day of each monthly. The amount due for outstanding assessments, interest, late charges, costs and attorney's fees incurred incident to the collection process between (February 1, 2016 and December 22, 2017) is $6,970.57.

Pursuant to section 718.116, Florida Statutes, this Claim of Lien secures all unpaid assessments that are due and that may accrue after this Claim of Lien is recorded and through the entry of a final judgment, as well as interest, late charges, costs and attorney's fees incurred by the association incident to the collection process. For estoppel information or a payoff figure, please contact PeytonBolin, PL.

IN WITNESS WHEREOF, Applegreen Condominium Apartments, Inc., has caused this Claim of Lien to be executed by its duly authorized agent on this _27_ day of _December_, 2017.

                              Applegreen Condominium Apartments, Inc.
                              2855 N. University Drive
                              Suite 310
                              Coral Springs, FL 63065
                              BY: _____
                              C.J. Chiarenza, Property Manager

STATE OF FLORIDA
COUNTY OF BROWARD
The foregoing CLAIM OF LIEN was acknowledged before me this _____ day of _____, 2017 by C.J. Chiarenza, who is personally known to me or who has produced a driver's license as identification.

My Commission Expires:
                              _____
                              Notary Public, State of Florida

EUNICE G. UBERSTINE
MY COMMISSION # FF 949334
EXPIRES: February 23, 2020
Bonded Thru Notary Public Underwriters



**Certified Article Number**

SENDER'S RECORD

## DELINQUENT ASSESSMENT

This letter is to inform you a Claim of Lien has been filed against your property because you have not paid the regular and/or special assessment to Applegreen Condominium Apartments, Inc.. The association intends to foreclose the lien and collect the unpaid amount within 30 days of this letter being provided to you.

You owe the interest accruing from August 01, 2016 to the present. As of the date of this letter, the total amount due with interest is $4,680.34. All costs of any action and interest from this day forward will also be charged to your account.

Any questions concerning this matter should be directed to the Resolution Department at PeytonBolin, PL, Real Estate & Association Attorneys, 3343 W. Commercial Blvd., Suite 100, Fort Lauderdale, FL 33309, (954) 316-1339. All checks must be made to "PEYTON BOLIN, PL Trust Account" and mailed to the address below.

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 27 day of _December_, 2017, the foregoing notice was mailed to the owner(s) at the address(es) listed below by first-class United States mail, and by certified mail, return receipt requested, if within the United States.

C.J. Chiarenza, Property Manager
Applegreen Condominium Apartments, Inc.
2855 N. University Drive
Suite 310
Coral Springs, FL 3306

Dora C. Reyes
605 S State Road 7, #1F
Margate, FL 33068

605 S State Road 7, #1F
Margate, FL 33068

NOTICE: Pursuant to 15 U.S.C. § 1692g(a), this Association is attempting to collect a debt and any information obtained will be used for that purpose. The above referenced Association is the creditor to whom the debt is owed. Unless you, the debtor, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof, this law firm will assume the debt is valid. If you notify this law firm in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, this law firm shall obtain written verification of the debt and mail the same to you.



**EXHIBIT**

EXHIBIT C

This Instrument Prepared By:
Record and Return To:

Name:        Applegreen Condominium Apartments, Inc.
Address:     2855 N. University Drive
             Suite 310
             Coral Springs, FL 33065

## CLAIM OF LIEN

### KNOW ALL MEN BY THESE PRESENTS, THAT:

Applegreen Condominium Apartments, Inc., an Association in Broward County, Florida, whose principal place of business is 2855 N. University Drive, Suite 310, Coral Springs, FL 33065 claims this lien against the following property:

Unit 1-F, in Building 3, of APPLEGREEN CONDOMINIUM APARTMENTS, according to the Declaration thereof, as recorded in Official Records Book 5568 at page 755 of the Public Records of Broward County, Florida.

Street address: 605 S State Road 7, #1F, Margate, FL 33068

The record owner of such property is: Dora C. Reyes

Assessments are due on the first day of each month. The amount due for outstanding assessments, interest, late charges, costs and attorney's fees incurred incident to the collection process between (August 1, 2016 and December 22, 2017) is $4,680.34.

Pursuant to section 718.116, Florida Statutes, this Claim of Lien secures all unpaid assessments that are due and that may accrue after this Claim of Lien is recorded and through the entry of a final judgment, as well as interest, late charges, costs and attorney's fees incurred by the association incident to the collection process. For estoppel information or a payoff figure, please contact PeytonBolin, PL.

IN WITNESS WHEREOF, Applegreen Condominium Apartments, Inc., has caused this Claim of Lien to be executed by its duly authorized agent on this _27_ day of _December_, 2017.

                                    Applegreen Condominium Apartments, Inc.
                                    2855 N. University Drive
                                    Suite 310
                                    Coral Springs, FL 33065
                                    BY: _____
                                    C.J. Chiarenza, Property Manager

STATE OF FLORIDA
COUNTY OF BROWARD
The foregoing CLAIM OF LIEN was acknowledged before me this _27_ day of _December_, 2017 by C.J. Chiarenza, who is _personally known to me_ or who has produced a driver's license as identification.

My Commission Expires:

                                    _____
                                    Notary Public, State of Florida

EUNICE G. UBERSTINE
MY COMMISSION # FF 949934
EXPIRES: February 23, 2020
Bonded Thru Notary Public Underwriters

IN THE COUNTY COURT FOR THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: COSO19000026

DIVISION: 62

AMPARO MACIAS, ISAURA CURBELO,
JORGE L. CALVET, and DORA C. REYES,

      Plaintiffs,

v.

PEYTON BOLIN, PL,

      Defendant.

_____/

## CIVIL ACTION SUMMONS
### Service on a Corporation

TO DEFENDANT: PEYTON BOLIN, PL

ADDRESS:    c/o Registered Agent
               Peyton Bolin, PL
               3343 W. Commercial Blvd., Suite 100
               Fort Lauderdale, FL 33309

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

The Honorable Terri-Ann Miller
County Court Judge
South Regional Broward County Courthouse
3550 Hollywood Blvd. Chambers S216
Hollywood, FL 33021

AMPARO MACIAS, et. al. v. PEYTON BOLIN, PL
Civil Action Summons Service on a Corporation
Case No.: COSO19000026

Each Defendant is required to serve written defenses to the Complaint or Petition on:

Lourdes E. Ferrer, Esq.
FERRER LAW GROUP, PLLC
2137 N. Commerce Parkway
Weston, FL 33326

-AND-

Michael T. Ross, Esq.
Law Offices of Michael T. Ross, P.A.
5555 Hollywood Blvd. #303
Hollywood, FL 33021

FEB 21 2019

BRENDA D. FORMAN
DATE:
CLERK OF THE COURTS

BY: _____
DEPUTY CLERK     COURT SEAL

**BRENDA D. FORMAN**

_____
PROCESS SERVER

STATE OF FLORIDA      )
                      ) ss:
COUNTY OF BROWARD     )

    BEFORE ME, the undersigned authority, this day personally appeared _____, to me well known to be the person described in and who executed the foregoing instrument and he/she acknowledged to and before me that the execution thereof was his/her free act and deed for them uses and purposes therein set forth.

    WITNESS my hand and official seal this _____ day of _____, 2019.

_____
NOTARY PUBLIC
My Commission Expires:

AMPARO MACIAS, et. al. v. PEYTON BOLIN, PL
Civil Action Summons Service on a Corporation
Case No.: COSO19000026

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de el caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá enviar por correo o entregar una copia de su respuesta a la persona denominada como "Plaintiff/Plaintiff's attorney". (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, Si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite clans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun préavis, ultérieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme au sein.

## IMPORTANT

*Americans with Disabilities Act of 1990 (ADA NOTICE) In accordance with American With Disabilities Act of 1990,* If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

IN THE COUNTY COURT FOR THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: COSO19000026

DIVISION: 62

AMPARO MACIAS, ISAURA CURBELO,
JORGE L. CALVET, and DORA C. REYES,

    Plaintiffs,

v.

PEYTON BOLIN, PL,

    Defendant.

_____/

## NOTICE OF APPEARANCE AS CO-COUNSEL FOR DEFENDANTS AND DESIGNATION OF ELECTRONIC MAIL ADDRESSES

The undersigned attorneys hereby file this Notice of Appearance as co-counsel for Plaintiffs'

AMPARO MACIAS, ISAURA CURBELO, JORGE L. CALVET, and DORA C. REYES. All

pleadings, records and documentation regarding the above-styled cause are hereby requested to

be furnished to the undersigned counsel at the address stated.

      Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), the undersigned

hereby designates the following primary and secondary email addresses for the purpose of

service of pleadings and other papers in this case:

           Primary email:    lferrer@ferrerlawgroup.com
           Secondary email:  eservice@ferrerlawgroup.com
           Primary email:    gcurreri@ferrerlawgroup.com
           Secondary email:  eservice@ferrerlawgroup.com

File No. MI5008_10030

Ferrer Law Group, PLLC | Weston Professional Centre
2131 N. Commerce Parkway, Weston, Florida 33326 | Phone (954) 651 0810 | Facsimile (954) 651 6809
www.ferrerlawgroup.com
Page 1

AMPARO MACIAS, et. al. v. PEYTON BOLIN, PL.
Notice of Appearance as Co-Counsel for Defendants
Case No., COSO19000026

FERRER LAW GROUP, PLLC
2137 N. Commerce Parkway,
Weston, FL 33326
Telephone: 954-651-6810
Facsimile: 954-651-6809

By:/s/Geoffrey C. Curreri
[ ] Lourdes E. Ferrer, Esquire
   Florida Bar No.: 0528536
   Primary Email: lferrer@ferrerlawgroup.com
   Secondary Email: eservice@ferrerlawgroup.com

[X] Geoffrey C. Curreri, Esquire
   Florida Bar No.: 71846
   Primary Email: gcurreri@ferrerlawgroup.com
   Secondary Email: eservice@ferrerlawgroup.com

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Courts and served via electronic mail through the Florida Courts e-filing Portal on this 20th day of, February 2019, in accordance with Florida Rules of Judicial Administration, as identified by the attached Service List and/or as specified herein, to wit:

Michael T. Ross, Esq.
michael@flc-law.com

By:/s/Geoffrey C. Curreri
[ ] Lourdes E. Ferrer, Esquire, FL Bar No.: 0528536
[X] Geoffrey C. Curreri, Esquire, FL Bar No.: 71846

File No.: MT5008 100/67

Ferrer Law Group, PLLC | Weston Professional Centre
2137 N. Commerce Parkway, Weston, Florida 33326 | Phone: (954) 651-6810 | Facsimile: (954) 651 6809
www.ferrerlawgroup.com
Page 2

# IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

**AMPARO MACIAS, ETC.,**

Plaintiff(s),

vs.

**PEYTON BOLIN, PL, ET.AL.**

Defendant(s).
_____/

**Case No.: COSO19000026**

**VERIFIED RETURN OF SERVICE**



Pursuant to the request of **FERRER LAW GROUP**, received this process on **02/21/2019** at **2:38 AM** to be served upon:

**PEYTON BOLIN, PL**

STATE OF FLORIDA
COUNTY OF BROWARD        ss.

I, **SEAN FERGUSON**, depose and say that: I am authorized to serve this process in the circuit/county it was served in.

On **02/22/2019** at **10:40 AM**, I served the within **CIVIL ACTION SUMMONS; FORM 1.997. CIVIL COVER SHEET; COMPLAINT** on **PEYTON BOLIN, PL** at **C/O REGISTERED AGENT, PEYTON BOLIN, PL 3343 W. COMMERCIAL BLVD., SUITE 100, Fort Lauderdale, FL33309** in the manner indicated below:

**CORPORATE SERVICE:** By delivering a true copy of this process with the date and hour endorsed thereon by me to **CYNTHIA EXAVIER**, **RECEPTION COORDINATOR** of the above named corporation and informing him/her of the contents.

Description of person process was left with:

Sex: **Female** - Skin: **Black** - Hair: **Black** - Age: **25-30** - Height: **5'5"** - Weight: **160**

Under penalty of perjury I declare that I have read the foregoing Verified Return Of Service and that the facts stated in it are true.

I certify that I am over the age of 18. I am not a party to this action and have no interest in the process being served. I am a Certified Process Server in good standing and have proper authority in the jurisdiction in which this service was made. Under the penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. Notary Not Required Pursuant To F.S. 92.525(2).

X_____
**SEAN FERGUSON** - Cert/Appt#: # 887
ASAP LEGAL SERVICES , INC.
541 SOUTH STATE RD. 7 SUITE #14
MARGATE, FL33068



*156701*

IN THE COUNTY COURT FOR THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ASAP LEGAL
SERVICES, INC.

CASE NO.: COSO19000026

DIVISION: 62

AMPARO MACIAS, ISAURA CURBELO,
JORGE L. CALVET, and DORA C. REYES,

Plaintiffs,

v.

PEYTON BOLIN, PL,

Defendant.

_____/

Sex _F_     Age _25-30_
Race _BLK_   Height _160_
Hair _BLK_   Weight _515'_

MARRIAGE      YES____  NO____
MILITARY      YES____  NO____
MOBILE HOME   YES____  NO____

## CIVIL ACTION SUMMONS
### Service on a Corporation

C/S TO RCPT/CO-DRD —
CYNTHIA EXAVIER

2-22-19  10:40A
SF 88)

TO DEFENDANT: PEYTON BOLIN, PL

ADDRESS:   c/o Registered Agent
           Peyton Bolin, PL
           3343 W. Commercial Blvd., Suite 100
           Fort Lauderdale, FL 33309

A lawsuit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached Complaint with the clerk of this court. A
phone call will not protect you; your written response, including the case number given above
and the names of the parties, must be filed if you want the Court to hear your side of the case. If
you do not file your response on time, you may lose the case, and your wages, money and
property may thereafter be taken without further warning from the Court. There are other legal
requirements. You may want to call an attorney right away. If you do not know an attorney, you
may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written
response to the Court, located at:

The Honorable Terri-Ann Miller
County Court Judge
South Regional Broward County Courthouse
3550 Hollywood Blvd. Chambers S216
Hollywood, FL 33021

100767

AMPARO MACIAS, et. al. v. PEYTO... IN, PL...
Civil Action Summons Service on a Co... ...
Case No.: COSO19000026

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de el caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá enviar por correo o entregar una copia de su respuesta a la persona denominada como "Plaintiff/Plaintiff's attorney". (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, Si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite clans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun préavis, ultérieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme au sein.

## IMPORTANT

*Americans with Disabilities Act of 1990 (ADA NOTICE) In accordance with American With Disabilities Act of 1990,* If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.



| |



# Case Detail - Public

🖨 Print

## Amparo Macias, et al Plaintiff vs. Peyton Bolin PL Defendant

**Broward County Case Number:** COSO19000026

**State Reporting Number:** 062019CC000026AXXXSO

**Court Type:** Civil

**Case Type:** * CC Damages >$5,000 - $15,000

**Incident Date:** N/A

**Filing Date:** 12/26/2018

**Court Location:** South Courthouse

**Case Status:** Pending

**Magistrate Id / Name:** N/A

**Judge ID / Name:** 62 Miller, Terri-Ann

---

− Party(ies)                                                          Total: 5

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| | | | |

^

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Macias, Amparo** | | ★ Ross, Michael T<br>Retained<br>Bar ID: 91623<br>2531 LEE ST<br>Hollywood, FL 33020-2054<br>**Status: Active** |
| Plaintiff | **Curbelo, Isaura** | | ★ Ross, Michael T<br>Retained<br>Bar ID: 91623<br>2531 LEE ST<br>Hollywood, FL 33020-2054<br>**Status: Active** |
| Plaintiff | **Calvet, Jorge L** | | ★ Ross, Michael T<br>Retained<br>Bar ID: 91623<br>2531 LEE ST<br>Hollywood, FL 33020-2054<br>**Status: Active** |
| Plaintiff | **Reyes, Dora C** | | ★ Ross, Michael T<br>Retained<br>Bar ID: 91623<br>2531 LEE ST<br>Hollywood, FL 33020-2054<br>**Status: Active** |
| Defendant | **Peyton Bolin PL** | | |

## ─ Disposition(s)                                                   Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## — Event(s) & Document(s)      Total: 7

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 02/26/2019 | **Summons Returned Served** | 02/22/19 Party: *Defendant* Peyton Bolin PL | 📄 | 3 |
| 02/21/2019 | **Summons Issued Fee** | Payor: FERRER LAW GROUP I.O.T.A. ; Userid: CTS-fg/t ; Receipt: 20191FA1A028212; ; <br><br>Amount: $10.00 | | |
| 02/20/2019 | **Notice of Appearance** | CO-COUNSEL AND DESIGNATION OF ELECTRONIC MAIL ADDRESSES Party: *Plaintiff* Macias, Amparo *Plaintiff* Curbelo, Isaura *Plaintiff* Calvet, Jorge L *Plaintiff* Reyes, Dora C | 📄 | 2 |
| 02/20/2019 | **eSummons Issuance** | | 📄 | 3 |
| 01/02/2019 | **Filing Fee Paid** | Payor: MICHAEL T ROSS ; Userid: CTS-fg/t ; Receipt: 20191FA1A000444; ; <br><br>Amount: $300.00 | | |
| 12/26/2018 | **Complaint (eFiled)** | | 📄 | 16 |
| 12/26/2018 | **Civil Cover Sheet** | | 📄 | 2 |

**–  Hearing(s)**                                                    Total: 0

**There is no Disposition information available for this case.**

**–  Related Case(s)**                                               Total: 0

**There is no related case information available for this case.**


## Brenda D. Forman

### Clerk of Court

Broward County

17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)          ›


## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)          ›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)          ›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)          ›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)          ›


## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)          ♿

PRINT          🖨


## Main Courthouse Location

⌃

## 201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

---

PUBLIC RECORDS CUSTODIAN

(/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) › *PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS

(/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) › *PURSANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response
to a public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.
© 2019 - All rights reserved